IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 12, 2020

**CHARLES L. JONES, III v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
No. 5541       Steve R. Dozier, Judge

_____

**No. M2019-01935-CCA-R3-HC**

_____

Charles L. Jones, III, Petitioner, appeals from the denial of habeas corpus relief from his sentence of life imprisonment without the possibility of parole after he pled guilty to second-degree murder.  After a review, we affirm the denial of habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Charles L. Jones, III, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Over 24 years ago, Petitioner pled guilty in Wilson County to second-degree murder and was sentenced to life without parole.  In September of 2019, Petitioner sought habeas corpus relief alleging that his judgment was void on its face because his sentence "was quite clearly outside the sentencing range."  On September 24, 2019, the habeas corpus court summarily denied relief, determining that Petitioner was "lawfully sentenced as a repeat violent offender to life without the possibility of parole" and therefore "failed to establish that the trial court was without jurisdiction or authority to sentence him or that his sentence has expired in such a way that would render [his] sentence void."  Petitioner appealed.

*Analysis*

On appeal, Petitioner challenges the habeas court's denial of relief. The State argues that the appeal should be dismissed because the notice of appeal was untimely filed and Petitioner failed to demonstrate that the interests of justice demand waiver.

"Ordinarily, a habeas corpus court's judgment becomes final thirty days after the entry of the judgment unless a notice of appeal is filed." *State v. Carl T. Jones*, M2011-00878-CCA-R3-CD, 2011 WL 5573579, at *1 (Tenn. Crim. App. Nov. 15, 2011) (citing Tenn. R. App. P. 4(a)), *perm. app. denied* (Tenn. Apr. 11, 2012). Prior to July 1, 2017, the notice of appeal was filed with the trial court clerk. *See* Tenn. R. App. P. 4(a). Beginning on July 1, 2017, however, the notice of appeal was required to be filed with the appellate court clerk. The rule contained a "[t]ransitional [p]rovision" providing a remedy if a party "incorrectly attempt[ed] to file a notice of appeal with the trial court clerk" wherein the trial court clerk notified the party of the error, if the filing was timely, and gave the party an additional twenty days within which to file the notice of appeal with the appellate court clerk. *Id.* The transitional provision expired on June 29, 2018. *Id.* Under Tennessee Rule of Appellate Procedure 4(a), as amended, the notice of appeal must be filed in the appellate court "within 30 days after the date of entry of the judgment appealed from." In the case of a pro se appellant who is incarcerated, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). However, Rule 4(a) also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." A petitioner bears the responsibility to properly perfect his appeal or to demonstrate that the "interests of justice" merit waiver of an untimely filed notice of appeal. *Carl T. Jones*, 2011 WL 5573579, at *1 (citing Tenn. R. App. P. 4(a)).

According to this Court's record on appeal, it appears that Petitioner first attempted to file a notice of appeal in the habeas corpus court. This notice of appeal does not appear in the technical record, was not file stamped by the habeas corpus court, and is not dated by Petitioner. It appears in our record as a filing entitled "miscellaneous court forms." The notice of appeal filed in the habeas corpus court has a "notice of new appellate rule" attached to it, signed by a deputy clerk on "10-23-19." At the time Petitioner filed his notice of appeal in the trial court, which we presume to be on or around October 23, 2019, the transitional provision contained within Rule 4 had expired. In other words, Petitioner could not take advantage of the transitional provision, extending the time for filing the notice of appeal in this Court. Moreover, Petitioner's notice of appeal filed in this Court on October 28, 2019, was clearly untimely. Petitioner made no excuses for this deficiency. It was not until the State pointed out the error in its

brief that Petitioner filed a reply brief alleging "the misdirected notices of appeal are at fault of the clerk's office not being included in the technical record" and that his second notice of appeal was "timely filed with the 24th date and placed in the institutional mail." There is nothing in the record to support these assertions. However, we have chosen to waive the timely filing of the notice of appeal in the interest of justice because, as Petitioner points out in his memorandum of law in support of his habeas petition, "habeas corpus is a confusing [L]atin term of law that very few individuals can understand."

Despite our waiver of the timeliness of the notice of appeal, we ultimately conclude Petitioner is not entitled to habeas relief. In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record of the proceedings that the convicting court was without jurisdiction or that the defendant is still imprisoned despite the expiration of his sentence. *Id*.; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment of conviction is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id*. at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id*.

The petitioner bears the burden of showing, by a preponderance of the evidence, that the judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, if the habeas corpus court determines that there is nothing on the face of the judgment to indicate that the conviction contained therein is illegal, it may summarily dismiss the petition without the appointment of counsel and without an evidentiary hearing. *Summers*, 212 S.W.3d at 261; T.C.A. § 29-21-109. Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

In addition to challenging the timeliness of the petition, the State also complains that the petition is procedurally defective because it is not "verified by affidavit" as required by Tennessee Code Annotated section 29-21-107(a). Petitioner filed "affidavits" related to his indigency claim and litigation history but they are neither notarized nor verified under oath. A statement by Petitioner is not the same as a verified affidavit. *See Jason Clinard v. State*, No. M2012-00839-CCA-R3-HC, 2012 WL

4459717, at *4 (Tenn. Crim. App. Sept. 27, 2012), *perm. app. denied* (Tenn. Feb. 15, 2013). Despite this procedural lapse, the case proceeded without any party pointing out the error. A review of the judgment indicates Petitioner's judgment is not void. He was sentenced to life without parole as a repeat violent offender under Tennessee Code Annotated section 40-35-120. When Petitioner pled guilty, life without parole was a statutorily authorized sentence for a repeat violent offender convicted of second-degree murder. *See* T.C.A. § 40-35-120(c)(1)(B) (1995). Consequently, Petitioner's judgment is not void and the habeas corpus court properly denied relief.[1]

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

---

[1] For the first time on appeal, Petitioner challenges his classification as a repeat violent offender. Because this argument was not presented to the habeas corpus court, it is waived. *See State v. McCormick*, 494 S.W.3d 673, 679 n.6 (Tenn. 2016). In any event, this would be an appealable, as opposed to fatal error. *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015).